UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

NELSON NEGRON,

                Plaintiff,

   -against-

SGT 2000, INC., FRANZ JEAN, and BERNARD LOREN,

                Defendants.

_____

Civil Case No.:

**NOTICE OF REMOVAL**

Niagara County Index No.:
E175141/2021

     Pursuant to 28 U.S.C.A. §§ 1441 and 1446, Defendants SGT 2000, INC., FRANZ JEAN, and BERNARD LOREN (hereinafter the "Removing Parties"), by the undersigned attorney, submits this Notice of Removal, and states as follows:

     1.    On June 4, 2021, the above-captioned action was commenced against the Removing Parties in the Supreme Court of the State of New York, County of Niagara, and is now pending.

     2.    The Western District of New York, includes the county in which this action is pending.

     3.    The ground for removal of this action is diversity of citizenship pursuant to 28 U.S.C.A. § 1332.

     4.    Specifically, SGT 2000, Inc. is a Canadian corporation, with a principal place of business at 354, Chemin Yamaska Saint-Germain-de-Grantham (Québec), J0C 1K0, Canada. Furthermore, FRANZ JEAN, and BERNARD LOREN are Canadian citizens domiciled in Canada.

     5.    As referenced in the Complaint, Plaintiff in this action is a resident of Niagara County, and a citizen of New York State.

6.     Removal of this action is, therefore, proper under §1441 of Title 28 of the United States Code because this is a civil action brought in state court over which the federal district courts would have had original jurisdiction had the action been commenced in federal court.

7.     "A notice of removal must be filed within thirty days of defendants' receipt of the complaint *or, if the case is not subject to removal based upon the face of the complaint, within thirty days of defendants' receipt of an "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable ***." 28 U.S.C. § 1446(b)*.  Whether a case is removable according to the initial pleading depends on whether the initial pleading enables the defendant to intelligently ascertain removability from the face of such pleading, so that in its petition for removal defendant can make a short and plain statement of the facts which entitle it to remove as required in 28 U.S.C. § 1446(a)."  *Ecology & Envt., Inc. v Automated Compliance Sys.*, 2001 US Dist LEXIS 15364, at *12-13 (WDNY Sep. 1, 2001, 00-CV-0887E[F]).

8.     Following commencement of the action on June 4, 2021, Plaintiff served the Removing Parties with copies of the Summons and Complaint pursuant to New York State Vehicle and Traffic Law § 253.

9.     However, a review of Plaintiff's Complaint does not enable the Removing Parties or counsel "to intelligently ascertain removability from the face of such pleading."  *Ecology & Envt., Inc. v Automated Compliance Sys.*, 2001 US Dist LEXIS 15364, at *12-13 (WDNY Sep. 1, 2001, 00-CV-0887E[F]).  In particular, the Complaint simply alleges that Plaintiff "demands judgment against defendants in an amount that exceeds the jurisdictional limits of all lower courts and for such other, further and different relief as the Court deems just and proper."

269073501v.1

10.     As such, on December 12, 2021, the Removing Parties filed an Answer to Plaintiff's Complaint and served a Supplemental Demand for Damages upon Plaintiff's counsel.

11.     On March 23, 2022, Plaintiff served a response to the Removing Parties' Supplemental Demand for Damages, asserting entitlement to $450,000.

12.     As such, only upon receipt of the Plaintiff's Response to the Removing Parties' Supplemental Demand for Damages could it reasonably be ascertained that this case was subject to removal.

13.      Copies of the Summons and Complaint, and the applicable affidavits of service, as well as all other state-court papers served on and by the Removing Parties at the time of removal are collectively attached hereto as **Exhibit "A"**, and constitute all process, pleadings, and orders served upon the Removing Parties in this action.

14.     In light of the foregoing, this Notice of Removal is timely under 28 U.S.C.A. § 1446(b)(1).

15.     Upon information and belief, no other parties have been joined and served as defendants in the above-captioned action.

16.     Written notice of filing of this Notice of Removal will be given to Plaintiff, and a copy will be filed in the appropriate State court, as required by 28 U.S.C.A. § 1446(d).

17.     In filing this Notice of Removal, the Removing Parties do not waive any defense that may be available to them.

Dated:  Albany, New York
        April 22, 2022

Yours, etc.,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: *Marc J. Kaim*

Marc J. Kaim, Esq.
Bar Roll No.:
*Attorneys for Defendants*
*SGT 2000, Inc., Franz Jean, and Bernard Loren*
200 Great Oaks, Suite 228
Albany, New York 12203
(518) 449-8893

To:    Clerk of the Supreme Court of the State of New York
       County of Niagara

       Michael J. Skoney, Esq.
       VIOLA, CUMMINGS & LINDSAY, LLP
       *Attorneys for Plaintiff*
       770 Main Street
       Niagara Falls, New York 14301
       (716) 285-9555

4